UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

      Plaintiff,

v.                                         Case No. 18-cr-20680
                                               District Judge Paul D. Borman

MERSED BEBANIC,

      Defendant.
_____/

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE, PURSUANT TO 18 U.S.C. § 3582(c)(1)(A), REDUCING THE SENTENCE TO TIME SERVED, AND IMPOSING SUPERVISED RELEASE FOR THE REMAINDER OF THE UNSERVED PORTION OF HIS ORIGINAL TERM OF IMPRISONMENT, WITH THE SPECIAL CONDITION OF HOME CONFINEMENT**

On September 20, 2020 Defendant filed a request with his Warden at FCI-Milan for compassionate release, 18 U.S.C. § 3582(c)(1)(A), based on an Achilles Tendon injury he suffered on August 1, 2020, and his claim of inadequate medical care available at FCI-Milan. The Warden denied his request on September 23, 2020. On October 23, 2020, Defendant filed the instant Motion, more than 30 days after Defendant's September 2020 request to the BOP.

The Government filed a Response in Opposition on November 9, 2020. (ECF No. 41.) Defendant filed a Reply Brief on November 11, 2020. (ECF No. 43.)

1

Defendant Bebanic pled guilty to tax evasion ($699,692.00) conducted over four years. On March 20, 2019, Defendant was sentenced to 14 months imprisonment. He was permitted to delay his report to prison until March 6, 2020, approximately eight and one-half months ago. His projected release date is March 2, 2021, approximately three and one-half months hence. Defendant is 37 years old.

The Government recognizes that Defendant's conviction involved a non-violent offense, but asserts that it involved serious criminal conduct which continued for over four years. The Court agrees that Defendant's case involved serious criminal conduct.

The Court recognizes that it must consider the § 3553(a) factors in determining a petition for release under § 3582(c)(1)(A).

Defendant's Reply states that this case involved a serious injury--a ruptured Achilles Tendon, and close-to-no ability to receive the required physical therapy at FCI-Milan. Accordingly, Defendant argues that the injury has negatively impaired his ability to care for himself: he is on crutches most of the time, and on occasion finds it necessary to use a wheelchair. Defendant asserts that recently he fell in the shower injuring his hip because of his imbalance caused by his Achilles Tendon injury, so his ability to care for himself has been seriously compromised.

## DISCUSSION

While the court recognizes that this was a serious offense, it was not a crime of violence. The Court further concludes that Defendant is not a threat to any person, or the community based upon the requirements of Title 18 § 3142(g).

The Court recognizes that an Achilles Tendon rupture requires physical therapy multiple times per week to resolve the injury without compromising Defendant's future ability to use that leg. The prison setting does not permit multiple sessions per week of physical therapy to provide the care necessary in response to his injury. The Court has read and agrees with Dr. David Mendelson's expert report indicating a need for continuous physical therapy. (ECF No. 38, 10-26-2020, PageID 535-536.)

The Court finds Defendant Bebanic's medical condition qualifies as an "extraordinary and compelling reason for release under Sentence Guideline 1B1.13(1)(A), cmt. n.1(A)," and further that his release would not constitute a danger to the community.

The Court further finds, as to the § 3553(a) factors, that because he has served the majority of his sentence and has no criminal history, the sentence already served promotes respect for the law, is just punishment, adequately deters criminal conduct, and that there is no longer a need to protect the public from further crimes by Defendant.

Finally, the Court concludes that home confinement, subject only to release for medical care, is necessary in this case.

## CONCLUSION

The Court orders a reduction in his sentence to time served, with completion of quarantine at his home, and supervised release to include the unserved portion of his incarceration. This will result in more than 70 percent of his sentence actually served.

Accordingly, the Court GRANTS Defendant's Motion reducing Defendant Mersed Bebanic's sentence to time served and imposing supervised release for the remainder of the unserved portion of his original term of imprisonment, with the special condition of home confinement.

SO ORDERED.

DATED:  November 11, 2020         s/Paul D. Borman
                                  PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE